COMMONWEALTH *vs.* GUY L. SMITH. February 4, 1982. The defendant filed a motion under Mass.R.Crim.P. 30(a), 378 Mass. 900 (1979), for release from unlawful restraint, alleging that his sentence was illegal because he had not given written consent to a drug treatment order, as required by G. L. c. 123, § 48, as amended by St. 1974, c. 827, §§ 18, 19. A judge denied the motion, and the defendant appealed. 1. The order of the judge that the defendant "be given all treatment now available for drug dependent persons at M.C.I., Walpole," which accompanied the imposed sentence of twelve to twenty years at that institution was not an order that required the written consent of the defendant under § 48. At the time of sentencing the judge was aware that the only drug treatment programs at M.C.I., Walpole, were voluntary individual and group counselling programs that required an inmate's voluntary participation. Thus, a defendant could not be compelled against his wishes to participate in any drug treatment program. It is obvious to us that the "order" of the judge was directed to the personnel at M.C.I., Walpole, and required them to make available to the defendant any drug treatment programs then being conducted. Because these programs were voluntary, the defendant was not ordered to submit to any treatment. 2. If the written consent of the defendant was required but not obtained, it would render only the order directing treatment illegal and not the accompanying sentence itself. By enacting G. L. c. 123, § 48, the Legislature obviously did not intend to make the propriety of a jail or prison sentence which includes an order for treatment turn on the defendant's consent to treatment.

The order denying the motion for release from unlawful restraint is affirmed.

*So ordered.*

*Bruce W. Carroll* for the defendant.
*David B. Mark*, Legal Assistant to the District Attorney (*Michael J. Traft*, Assistant District Attorney, with him) for the Commonwealth.